IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Julian Ford, Jr., #155800, ) | |
| ) | C/A No.: 3:11-67-DCN-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Cecilia Reynolds, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

   This matter is before the court on United States Magistrate Judge Joseph R. McCrorey's report and recomendation (R&R) that the court deny without prejudice petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner filed written objections to the R&R. For the reasons set forth below, the court adopts the magistrate judge's R&R and dismisses the petition without reaching the merits of petitioner's claims.

## I. BACKGROUND

   On March 31, 1993, petitioner was convicted of first degree criminal sexual assault, assault and battery with intent to kill, and strong arm robbery in the Richland County General Sessions Court and received a forty-year sentence. He filed a direct appeal, which was dismissed on July 15, 1994. On September 2, 1994, petitioner filed an application for post-conviction relief (PCR) in the Richland County Court of Common Pleas, which was dismissed on May 14, 1997. He then appealed the PCR dismissal. On July 6, 1998, after finding that pages of the PCR dismissal order were missing, the Supreme Court of South Carolina remanded the case to the circuit court with the

instruction to either locate or reconstruct the missing pages. The Honorable L. Henry McKellar determined that the pages could not be located or reconstructed, and the circuit court held a new PCR hearing on December 16, 1998. On April 19, 1999, the circuit court again dismissed petitioner's PCR application. Ford v. State of South Carolina, 94-CP-40-3305, Order of Dismissal (Richland Cnty. Ct. Common Pleas Apr. 19, 1999). The Supreme Court of South Carolina denied petitioner's writ of certiorari on June 8, 2001.

On October 23, 2001, petitioner filed a state petition for writ of habeas corpus. The Honorable G. Thomas Cooper reviewed the habeas petition as both a second application for PCR and as a petition for writ of habeas corpus. Construing the petition as a second application for PCR, Judge Cooper held the application was barred by the statute of limitations under the Uniform Post-Conviction Procedure Act (UPPA), South Carolina Code of Laws § 17-27-45(a). He also determined that the application was successive because the allegations in the 2001 petition "were or could have been raised in the [earlier] proceedings"; therefore, the application was barred by South Carolina Code of Laws § 17-27-90. Ford v. State of South Carolina, 2001-CP-40-4489, Order of Dismissal at 7 (Richland Cnty. Ct. Common Pleas Oct. 29, 2007). Construing the petition as one for writ of habeas corpus, Judge Cooper found that the petition was barred because petitioner's claims could have been raised in his first PCR application. Judge Cooper dismissed the petition on October 29, 2007, and the South Carolina Court of Appeals affirmed the dismissal on May 3, 2010. Petitioner's attempts to petition the court of appeals for a rehearing and to petition the Supreme Court of South Carolina for a writ of certiorari were unsuccessful.

On January 5, 2011, petitioner filed his pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging the following grounds for relief: lack of subject matter jurisdiction, prosecutorial misconduct, actual innocence, and newly discovered evidence. At the heart of petitioner's claims is the allegation that both the prosecutor and his defense counsel concealed the existence of allegedly exculpatory forensic hair evidence during his trial in 1993. Petitioner states that he learned of the forensic evidence on or about December 9, 1998, through the deposition of trial counsel. Petitioner alleges that this exculpatory evidence was later destroyed by the state and, at a minimum, the newly discovered information regarding its destruction justifies his release or a new trial.

On February 17, 2011, Magistrate Judge McCrorey filed an R&R recommending that this court dismiss the petition without prejudice and without requiring respondents to file a return because the petition is barred by the one-year statute of limitations under 28 U.S.C. §2244(d)(1), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner then filed written objections to the magistrate judge's R&R. Specifically, petitioner contends that the issues raised in his petition, including the destruction of the hair evidence, were timely presented to the court after facts were discovered through the exercise of due diligence. He claims that the destruction of the hair evidence was raised for the first time on May 17, 2006,[1] during consideration of his state habeas petition and that the instant motion is well within the one-year statute of limitations because the final decision in the second state PCR application was entered on

---

[1] In a letter to petitioner's counsel, dated March 8, 2006, petitioner states that he learned that the hair evidence was destroyed on May 23, 2005. Objections Ex. 1.

December 16, 2010.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636 (b)(1).

## III. PRO SE PETITIONS

Petitioner is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). Courts classify pro se pleadings from prisoners according to their contents, without regard to their captions. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). A federal district court is charged with liberally construing a

complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV. DISCUSSION

While pro se pleadings are construed liberally, they are not exempt from the limitations set forth by statute. A petition filed pursuant to 28 U.S.C. § 2254 is subject to the following limitations under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitation period for a petition filed under § 2254 is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The § 2244(d) subsections at issue in the instant case are (1)(A) and (1)(D). On September 2, 1994, petitioner properly applied for PCR in state court after the final determination of his direct appeal. He asserts that he discovered the existence of the alleged exculpatory hair evidence in a deposition of trial counsel on December 9, 1998. The PCR hearing was held on December 16, 1998, but petitioner did not raise this issue at the hearing. The state court could have considered this evidence at this hearing had petitioner properly submitted it for consideration. The December 16 hearing led to the final resolution of petitioner's quest for PCR on June 8, 2001, when the Supreme Court of South Carolina denied his petition for writ of certiorari. Pursuant to § 2244(d)(2), the statute of limitations period for the petition was tolled from September 2, 1994, until June 8, 2001. Petitioner filed his habeas petition in this court nearly ten years after the final PCR determination in 2001. The petition is clearly outside the statutory limit expressed in § 2244(d)(1)(A).

Any argument that the petition is timely under subsection (1)(D) must also fail. Petitioner claims that he first raised destruction of the hair evidence as an issue on May 7, 2006, during the pendency of his state habeas petition. However, the state court, reviewing that petition as both a second PCR application and a state habeas petition, ultimately determined that the petition was successive because it raised issues that could have been raised in petitioner's first application for PCR.

This court is not required to toll the statute of limitations for successive state petitions. Moreover, the state habeas petition filed on October 23, 2001, is not entitled to statutory tolling under § 2244(d)(2) because it was not properly filed. The United States

Supreme Court has held that "time limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  State habeas petitions rejected as untimely are not "properly filed"; therefore, they are "not entitled to statutory tolling under § 2244(d)(2)."  Id.

The statute of limitations in § 2244(d) may also be equitably tolled under certain circumstances.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A petitioner is only afforded equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418).  While the record is clear that petitioner has been pursuing his rights diligently, there was nothing preventing him from filing his claims with this court within the appropriate period of time.  Therefore, the statute of limitations will not be equitably tolled.

The Fourth Circuit has held that "the one-year limitation period contained in §2244(d) is an affirmative defense that the state bears the burden of asserting."  Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002) (citation omitted).  However, Fourth Circuit precedent also allows the court to raise the limitations issue *sua sponte* as an essential gatekeeping function of the district court, as long as a petitioner is given notice and is able to respond.  See McMillan v. Jarvis, 332 F.3d 244, 246-47  (4th Cir. 2003) ("In Hill, we held that a *pro se* habeas petitioner must be given an opportunity to respond before a district court, acting *sua sponte*, dismisses a § 2254 petition as untimely.").  Petitioner was provided notice of this court's intent to dismiss this case as untimely by way of the magistrate judge's R&R filed on February 17, 2011.  Petitioner was afforded the

opportunity to respond and did so by filing objections to the R&R. This is sufficient to satisfy the notice and response requirements set forth in Hill and McMillan.

## V.   CONCLUSION

For the foregoing reasons, the court **ADOPTS** the magistrate judge's R&R and **DISMISSES** petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus without prejudice.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**June 29, 2011
Charleston, South Carolina**

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.